UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

KIRSTEN KRUG,

    Plaintiff,

v.

LIVSHIN ENTERPRISES, INC., a Florida Corporation
and STEVEN LIVSHIN, individually,
    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, KIRSTEN KRUG, by and through her undersigned counsel, and sues the Defendants, LIVSHIN ENTERPRISES, INC., a Florida corporation and STEVEN LIVSHIN, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiff for all work performed in direct contravention of the law; and (2) compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this

1

judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, STEVEN LIVSHIN, individually, acted directly in the interests of his employer, the Defendant, LIVSHIN ENTERPRISES, INC., in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, LIVSHIN ENTERPRISES, INC., and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, LIVSHIN ENTERPRISES, INC., was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That on or about July 7, 2014 the Plaintiff, KIRSTEN KRUG was hired as a non-exempt employee by the Defendants.

10. During her employment, Defendants had Plaintiff, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

11. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

12. That Plaintiff, however, will exert their collective diligent efforts to obtain such

information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA – LIVSHIN ENTERPRISES, INC.

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, LIVSHIN ENTERPRISES, INC., in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, KIRSTEN KRUG, demands judgment against the Defendant, LIVSHIN ENTERPRISES, INC., for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – STEVEN LIVSHIN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant, STEVEN LIVSHIN, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff KIRSTEN KRUG, demands judgment against the Defendant, STEVEN LIVSHIN, individually, for all damages and relief under the FLSA, including liquidated

damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

**COUNT III**
**WRONGFUL DISCHARGE**
**IN VIOLATION OF FLA. STAT. § 440.205- LIVSHIN ENTERPRISES, INC.**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

17. The Defendants operate a jewelry store.

18. The Plaintiff was employed as a technician for the Defendants.

19. In late July, 2016, the Plaintiff, while working for the Defendants, injured her back during her shift, and required medical care.

20. Due to her injury, the Plaintiff was unable to work.

21. Plaintiff timely made and/or attempted to make her Workers' Compensation claim to her employer.

22. As a result of Plaintiff's timely claim and/or attempt to make a timely claim, the Defendants terminated the Plaintiff when she attempted to make a Workers' Compensation claim.

23. Fla. Stat. § 440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

24. As a result of Plaintiff's filing or attempting to file a claim for workers' compensation benefits, Defendants changed the terms of the Plaintiff's employment and constructively discharged the Plaintiff.

25. Defendants' actions were willful, wanton, and outrageous and without regard for Plaintiff's rights and feelings.

26. As a result of Defendants' actions, Plaintiff has suffered economic and emotional damages.

WHEREFORE, Plaintiff, KIRSTEN KRUG, demands judgment against Defendants and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate.

## COUNT IV
## WRONGFUL DISCHARGE
## IN VIOLATION OF FLA. STAT. § 440.205- STEVEN LIVSHIN

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

28. The Defendants operate a jewelry store.

29. The Plaintiff was employed as a technician for the Defendants.

30. In late July, 2016, the Plaintiff, while working for the Defendants, injured her back during her shift, and required medical care.

31. Due to her injury, the Plaintiff was unable to work.

32. Plaintiff timely made and/or attempted to make her Workers' Compensation claim to her employer.

33. As a result of Plaintiff's timely claim and/or attempt to make a timely claim, the Defendants terminated the Plaintiff when she attempted to make a Workers' Compensation claim.

34. Fla. Stat. § 440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

35. As a result of Plaintiff's filing or attempting to file a claim for workers' compensation benefits, Defendants changed the terms of the Plaintiff's employment and constructively discharged the Plaintiff.

36. Defendants' actions were willful, wanton, and outrageous and without regard for Plaintiff's rights and feelings.

37. As a result of Defendants' actions, Plaintiff has suffered economic and emotional damages.

WHEREFORE, Plaintiff, KIRSTEN KRUG, demands judgment against Defendant and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, KIRSTEN KRUG, demands trial by jury.

Respectfully submitted,

**WHITELOCK& ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
Counsel for Plaintiff

*s/ Christopher J. Whitelock*
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539
E-mail: cjw@whitelocklegal.com
DAVID S. FRANK
Florida Bar No.: 93906
E-mail: davidfrank@whitelocklegal.com